KRUPANSKY, APPELLANT, *v.* PASCUAL ET AL., APPELLEES.

(Nos. 3850 and 3861—Decided August 28, 1985.)

*Francis X. Cook,* for appellant.

*J. C. William Tattersal* and *John L. Keyse-Walker,* for appellees.

QUILLIN, J. Loc. R. 20 of the Court of Common Pleas of Lorain County and C. P. Sup. R. 15 provide that the report and award of an arbitration board will be entered as judgment in the cause unless "appealed" from within thirty days. Case No. 3850 was consolidated with case No. 3861. In case No. 3850 we face the issue of whether this local rule provision can be applied to medical malpractice claims in light of R.C. 2711.21, the medical malpractice arbitration statute. We find the local rule to be inconsistent with the statute and therefore reverse the judgment of the trial court. We hold in case No. 3861 that the trial court did not err in finding the appellant not indigent and therefore affirm its judgment that she pay one-half of the arbitrators' fees.

The plaintiff-appellant Julia Ella Krupansky, as personal representative of her husband's estate, filed a medical malpractice action against the defendant-appellee Dr. Felix Pascual. Pursuant to R.C. 2711.21 the cause was heard by an arbitration board which found for Pascual. On January 2, 1985, the board's decision was filed in the court of common pleas. On February 5, 1985, the trial court rendered final judgment for Pascual because Krupansky had failed to "appeal" from the arbitration decision. The trial court's action was predicated upon Loc. R. 22 and 20 which read in part:

"RULE 22: MEDICAL MALPRACTICE ARBITRATION

"A. All medical claims as defined in Section 2305.11(D) of the Revised Code shall be submitted to arbitration, regardless of the amount in controversy or the age of the case.

"* * *

"E. All other matters involved in the arbitration of a medical claim shall be governed by the provisions of Rule 20 of the Local Rules of Court and Section 2711.21 of the Revised Code."

## "RULE 20: ARBITRATION

"In accordance with Rule 16 [sic] of the Rules of Superintendence of the Supreme Court of Ohio, the following procedures for compulsory arbitration shall be followed in all civil cases until further order of Court:

"* * *

"(F) Report and Award:

"* * *

"(3) The report and award, unless appealed from as hereinafter provided, shall be final and shall have the attributes and legal effect of a verdict. If no appeal is taken within the time and in the manner specified therefor, the judge assigned to the case shall enter judgment in accordance with the majority report. After entry of such judgment, execution process may be issued as in the case of other judgments.

"* * *

"(H) Appeals:

"(1) Right of Appeal: Any party may appeal from the action of the arbitration board to the Common Pleas Court of Lorain County unless the right of appeal is waived by all parties and all counsel to the proceedings in writing prior to the arbitration hearing; said waiver shall be filed as part of the arbitration record. The right of appeal shall be subject to the conditions set forth in this rule, all of which shall be completed within thirty (30) days after the filing of the report and award with the Clerk of Courts."

Loc. R. 20 is based upon C. P. Sup. R. 15 which states in part:

## "RULE 15. ARBITRATION

"The judge or judges of general divisions of courts of common pleas shall consider, and may adopt, a plan for the mandatory arbitration of civil cases.

"* * *

"Every plan for the mandatory arbitration of civil cases adopted pursuant to this rule shall be filed with the supreme court and shall include the following basic principles:

"* * *

"(C) Report and Award. Within thirty days after the hearing, the board or the single arbitrator must file a report and award with the clerk of the court and forward copies thereof to all parties or their counsel. Such report and award, unless appealed from, shall be final and have the legal effect of a verdict upon which judgment shall be entered by the court.

"(D) Appeals. Any party may appeal the award to the court if, within thirty days after the filing of the award with the clerk of the court, he:

"(1) Files a notice of appeal with the clerk of courts and serves a copy thereof on the adverse party or parties accompanied by an affidavit that the appeal is not being taken for delay; * * *."

As part of the arbitration report, the board requested for themselves total fees of $2,231.25. The trial court granted the motion and ordered each party to pay one-half of the fee. Subsequently, Krupansky filed a motion for leave to file an affidavit *in forma pauperis* instanter. By this motion Krupansky sought to have her one-half of the arbitration fees borne by the court pursuant to R.C. 2711.21. The trial court overruled the motion finding Krupansky not to be indigent. Krupansky appeals from both this judgment and the judgment entered on the arbitration board's decision.

## Assignment of Error

"The trial court erred to the prejudice of the plaintiff-appellant in rendering judgment without trial in favor of the defendant-appellee and

against the plaintiff-appellant in accordance with the recommendation of a medical malpractice arbitration panel assembled pursuant to Ohio Revised Code Section 2711.21, in the absence of an agreement by plaintiff-appellant to be bound by the decision of the arbitration panel in lieu of trial."

The Rules of Superintendence of the Supreme Court are purely internal housekeeping rules which do not have a force equivalent to a statute. *State* v. *Gettys* (1976), 49 Ohio App. 2d 241, 243 [3 O.O.3d 286]. The Superintendence Rules are applicable only so long as they are not in conflict with statute or other governing Supreme Court rules. *Berger* v. *Berger* (1981), 3 Ohio App. 3d 125. Similarly, while the courts of common pleas have the inherent power to make reasonable rules regulating practice and procedure in those courts, these rules must not be in conflict with the statutes. *Cassidy* v. *Glossip* (1967), 12 Ohio St. 2d 17 [41 O.O.2d 153]. The Legislature of Ohio has enacted R.C. 2711.21 which specifically deals with the arbitration of medical claims. Thus, only those provisions of Loc. R. 20 and C. P. Sup. R. 15 which do not conflict with R.C. 2711.21 may be applied to medical claims.

R.C. 2711.21(C) states in regards to the effect of the arbitration decision:

"If the decision of the arbitration board is not accepted by all parties thereto, the pleadings shall be amended to aver both the fact that the controversy was submitted to an arbitration board and the decision of the arbitration board. The decision of the arbitration board, and any dissenting opinion written by any board member, shall be admitted into evidence at trial upon the offer of any party, if the court conducts a review of the arbitration decision and any other relevant information submitted by the parties and concludes that:

"(1) The findings of fact by the arbitration board were not clearly erroneous;

"(2) The decision is in accordance with applicable law;

"(3) The procedures required for conducting the hearing and rendering the decision were followed fairly and properly without prejudice to either party.

"* * *"

Under this statute the party challenging the board's decision need only amend the pleadings to reflect the results of the arbitration. The statute does not require an "appeal" from the decision nor authorize entering judgment in conformity with the decision without further proceedings. Instead the statute contemplates that the cause will proceed as a civil action subject to the Rules of Civil Procedure with the arbitration decision being offered into evidence per R.C. 2711.21(C). If the plaintiff fails to amend the pleadings or further proceed then the trial court, after notice, may dismiss for failure to prosecute under Civ. R. 41. Thus, the requirement of Loc. R. 20 of the Court of Common Pleas of Lorain County and C. P. Sup. R. 15 that final judgment be entered if a party does not "appeal" from the arbitrators' award cannot be applied to medical claims. The assignment of error is well-taken.

Assignment of Error

"It was manifestly against the weight of the evidence and therefore error prejudicial to the plaintiff-appellant for the trial court to find that the plaintiff-appellant is not a pauper and is not therefore relieved under Ohio Revised Code Section 2711.21(A) from paying one-half of the arbitrators' fees in this medical malpractice case."

R.C. 2711.21(A) states in part:

"* * * Each member of the board shall receive a reasonable compensation based on the extent and duration of actual service rendered, and paid in equal proportions by the parties in interest. In a claim accompanied by a poverty af-

fidavit, the cost of the arbitration shall be borne by the court."

However, a trial court may look beyond the face of the affidavit to satisfy itself that the requirements of indigency are met. The trial court did this through a hearing on Krupansky's motion for leave to file the belated affidavit. We find sufficient evidence in the record to support the trial court's finding that Krupansky was not indigent and could pay her share of the arbitrators' fees. Accordingly, the assignment of error is overruled.

The judgment of the trial court entered upon the arbitration board's decision is vacated. The judgment finding Krupansky not to be indigent is affirmed. The cause is remanded for further proceedings.

*Judgment vacated and cause remanded.*

MAHONEY, P.J., and BAIRD, J., concur.