McBRIDE, ADMR., ET AL., APPELLEES, *v.* MANTHEY, APPELLANT.

(No. 3-86-29—Decided December 18, 1987.)

*Day & Van De Mark* and *Julie A. Van De Mark,* for appellees.

*Kennedy, Purdy, Hoeffel & Gernert* and *Paul E. Hoeffel,* for appellant.

GUERNSEY, J. This is an appeal by the defendant, Dr. William C. Manthey, from a money judgment of the Court of Common Pleas of Crawford County in a medical malpractice action in favor of the plaintiffs, Peggy Ann McBride, both as the wife of decedent Jerry McBride and as the administrator of his estate.

After the action was filed it was submitted to arbitration. On September 4, 1985, the report of the arbitration board was filed, awarding $30,000 to be apportioned $26,500 for the wrongful death and $3,500 for the claim of the estate. On November 26, 1985, the defendant filed his application for an order vacating, modifying or correcting the arbitration award. On May 2, 1986, the trial court filed its journal entry denying the application. On May 21, 1986, defendant filed his amended answer stating that the "decision of the arbitration board is not accepted by Defendant." Concurrently, defendant moved the court to deny the application of the plaintiffs for an order confirming the arbitration award and entering judgment thereon. On

May 27, 1986, plaintiffs filed their motion to strike defendant's amended answer as not timely filed and to strike defendant's motion to deny an order confirming the arbitration because plaintiffs had not, in fact, filed a motion for confirmation. On July 11, 1986, the trial court sustained plaintiffs' motion to strike. On July 25, 1986, defendant filed his motion for leave to file an amended answer which the trial court initially granted but, on motion of plaintiffs, struck its order granting same because it "has been brought to the Court's attention that it has previously denied the motion." On August 7, 1986, plaintiffs filed their application for an order confirming the arbitration award and following the filing of memoranda pro and con and a hearing on the motion the trial court, on October 2, 1986, filed its judgment entry "that the arbitration award is hereby confirmed and judgment is entered thereon."

It is from this judgment that appeal is taken, the defendant assigning error as follows:

"I. The court erred as a matter of law in applying R.C. 2711.09 to a medical claim arbitration held in accordance with R.C. 2711.21.

"II. The court abused its discretion by denying the defendant's Civ. R. 15 motion for leave to amend his answer pusuant to R.C. 2711.21(C)."

"III. The court erred in failing to vacate, modify, or correct an arbitration award where such award was based upon evidence which R.C. 2743.43 directs is incompetent.

"IV. The court erred in overruling defendant's motion to vacate, modify or correct the arbitration award where the 'report of arbitrators' on its face, shows that the decision was not in accordance with the applicable law as required by R.C. 2711.21(C)(2)."

As the first two assignments of er-

ror involve common problems we will consider them together. The particularly pertinent portions of the statutes and court rules involved are as follows.

Former R.C. 2711.21, as it existed at the time of the trial court's judgment, provided in relevant part:

"(A) Upon the filing of any medical claim * * * the controversy shall be submitted to an arbitration board * * *.

"(B) The arbitration proceedings shall be conducted in accordance with sections 2711.06 to 2711.16 of the Revised Code insofar as they are applicable. * * *

"(C) If the decision of the arbitration board is not accepted by all parties thereto, the pleadings shall be amended to aver both the fact that the controversy was submitted to an arbitration board and the decision of the arbitration board. The decision of the arbitration board * * * shall be admitted into evidence at trial upon the offer of any party * * *."

R.C. 2711.09 provides:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. * * *"

R.C. 2711.10 provides in part that "[i]n any of the following cases, [e.g., fraud, partiality, corruption, etc.] the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration * * *." R.C. 2711.11 states that "[i]n any of the following cases [e.g., mistake, miscalculation, etc.], the court of common pleas * * * shall make an order modifying or correcting the

award upon the application of any party to the arbitration * * *."

R.C. 2711.13 provides:

"After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

"Notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award."

Civ. R. 15 states in pertinent part:

"(A) * * * [After a responsive pleading has been served] a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"

Loc. R. 34.13 of the Court of Common Pleas of Crawford County provides:

"The report and award, unless rejected pursuant to law, shall be final. If no rejection is made within the manner specified by statute, the Court shall enter judgment in accordance therewith. After entry of such judgment, execution process may be issued as in the case of other judgments."

Loc. R. 34.15 states:

"If the decision of the arbitrators is rejected pursuant to Section 2711.21 O.R.C., pleadings shall be amended and filed with the Clerk of Courts within thirty (30) days after filing of the report and award of the arbitrators. The parties making such pleadings amendments shall serve other parties pursuant to Ohio Rules of Civil Procedure."

The thrust of plaintiffs' contentions in the trial court and here is to the effect that since the statutes did not prescribe the time limit within which the defendant was required to accept or reject the arbitration award, then pursuant to Loc. R. 34.13 and 34.15, the rejection together with the amendment of the defendant's answer must occur within thirty days after filing of the report and award of the arbitrators. The thrust of defendant's contentions is that the local rules are inconsistent with the statutes and are not applicable, that the filing of the application for an order vacating, modifying or correcting the arbitration award constituted a timely rejection of the award, and, in any event, the trial court was required to grant his motion for leave to amend his answer.

The only case to which we have been cited which comes even near to treating the central issue of timeliness of the nonacceptance (not rejection) of an arbitration award is the case of *Krupansky* v. *Pascual* (1985), 27 Ohio App. 3d 90, 27 OBR 110, 499 N.E. 2d 899, wherein the appellate court held a similar thirty-day provision of a local court rule dealing with "appeal" from an arbitration award inconsistent with former R.C. 2711.21. In its decision, the Lorain County Court of Appeals said:

"Under this statute [former R.C. 2711.21] the party challenging the board's decision need only amend the pleadings to reflect the results of the arbitration. The statute does not require an 'appeal' from the decision nor authorize entering judgment in conformity with the decision without further proceedings. Instead the statute contemplates that the cause will proceed

as a civil action subject to the Rules of Civil Procedure with the arbitration decision being offered into evidence per R.C. 2711.21(C). If the plaintiff fails to amend the pleadings or further proceed then the trial court, after notice, may dismiss for failure to prosecute under Civ. R. 41. Thus, the requirement of Loc. R. 20 of the Court of Common Pleas of Lorain County and C. P. Sup. R. 15 that final judgment be entered if a party does not 'appeal' from the arbitrators' award cannot be applied to medical claims. * * *" *Id.* at 92, 27 OBR at 112, 499 N.E. 2d at 902.

Although the *Krupansky* case involved an arbitration award in favor of the defendant and against the plaintiff, contrary to the situation here involved, the same considerations apply, and we approve and adopt the *Krupansky* decision to the extent so applicable.

This conclusion is wholly consistent with the foundation and framework of medical malpractice arbitration. To overcome any problems arising from the constitutional right to trial by jury, the arbitration decision of a medical malpractice claim may stand only if consented to by the parties to the proceeding or as stated in former R.C. 2711.21(C), "accepted by all parties thereto." The statute did not provide for the rejection of such decision, and any provision making an involuntary arbitration decision final unless rejected would be of doubtful constitutionality.

Indeed the statute involved did not state whose duty it is to amend the pleadings to show the facts which constitute conditions precedent to proceeding, that is, that the matter had been submitted to an arbitration decision and the decision has not been accepted by all parties thereto. It will be noted that in the *Krupansky* case the burden of amending the pleadings was placed by the appellate court on the party challenging the arbitration decision, in that case the plaintiff. In any event, in a medical malpractice case which has not been submitted to binding arbitration by agreement of the parties but has been submitted involuntarily under the provisions of former R.C. 2711.21, and the decision of the board was not accepted by all parties, the right to amend the pleadings existed under R.C. 2711.21 and was not limited by any of the discretionary provisions of Civ. R. 15.

The plaintiff attempts to distinguish *Krupansky* based on its reference to C.P. Sup. R. 15. That rule was adopted in its present form, effective August 12, 1979, and deals with general arbitration plans by common pleas courts for mandatory arbitration of civil cases. It does not purport to be, nor is it, applicable to the mandatory submission of medical claims to arbitration boards which was specifically covered by former R.C. 2711.21, which we have hereinbefore treated. This was recognized in *Krupansky* and the existence of that superintendence rule does not vitiate any of the conclusions therein, or herein.

Thus, under the provisions of former R.C. 2711.21(C), if it was the plaintiff's duty to amend, then the defendant had no such duty; if it was the defendant's duty, then defendant could amend as of right.

We hold both the first and second assignments of error well-taken, with the trial court not having the power to proceed to judgment on the decision of the arbitration board without same having been *accepted by all parties thereto.*

We come then to the third and fourth assignments of error which we also consider together. These assignments are largely mooted by our consideration and determination of the first two assignments of error which determination should, in all probabil-

ity, clear the way for this case to go to trial on its merits. On the other hand there may be some advantage to the defendant to vacate, modify or correct the award if it is to be admitted into evidence as prescribed by former R.C. 2711.21(C). However, each assignment as argued by the defendant deals either with the admissibility of evidence by the arbitration board or with proceedings before the arbitration board which are not a part of this appellate record. The defendant has not favored us either with a transcript of such proceedings before the arbitration board or with a transcript of the proceedings of the common pleas court on his motion to vacate, modify or correct. In short, neither the third or fourth assignment of error is portrayed by any part of the record before us or which we may consider. For these reasons we find these two assignments of error without merit.

For the errors of the trial court heretofore found, which we also find were prejudicial to the defendant, appellant herein, the judgment of the trial court must be reversed and vacated, and the cause is remanded for further proceedings as provided by law.

*Judgment reversed*
*and cause remanded.*

MILLER, P.J., and EVANS, J., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.