JOURNAL ENTRY AND OPINION
Appellant, Juana Kuby, appeals the order of the trial court finding her in contempt. For the following reasons, we reverse Case Number 74602 and dismiss Case Number 74712.
The following facts are taken from the affidavits attached to appellant's motion to vacate:
Appellant is the representative of Reliance Insurance Co., insurer of a defendant in this case, Jelly Rolls, Inc.
The court ordered a settlement conference to take place, giving less than 24 hours notice. Appellant attended two days of the settlement conference. The first day of the conference was conducted primarily by the law clerk, with the judge checking in from time to time. The trial judge was not present for the second day. At the end of the second day, appellant told the law clerk she could not be present tomorrow, because she had to go home to Chicago and take care of her children. Jelly Rolls' attorney called appellant in Chicago to inform her that the bailiff said appellant had to attend the third day of the settlement conference, or she would be held in contempt.
For the third day of the settlement conference, the trial judge was out of town. The conference was held by Administrative Judge Richard McMonagle, per the plaintiff's request. Appellant arranged for Attorney Patrick Lewis to stand in for her at the settlement conference. Appellant was present by phone during the settlement conference. Judge McMonagle concluded that a settlement could not be reached, and told all the parties they could leave. Judge McMonagle stated that appellant did not have to be present at the trial.
Plaintiff, Lindsey Lacroix, filed a motion to show cause, asking the trial judge to determine whether the attorneys representing Jelly Rolls, Inc. should be held in contempt for failing to have appellant present in person on the third day of the settlement conference. Plaintiff withdrew this motion at trial, and orally moved to hold appellant in contempt. Following the verdict, the judge announced that appellant was in contempt. The court fined appellant $200 a day, until she appeared before the court. No one informed appellant that the judge was considering holding her in contempt until after the judge found her in contempt. Appellant did not receive any written notice that she would be held in contempt.
 I.
Appellant's first assignment states:
 THE TRIAL COURT ERRED BY HOLDING APPELLANT IN CONTEMPT, WITHOUT NOTICE OR A HEARING, IN VIOLATION OF APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS.
The failure to appear before a court pursuant to a lawful order to do so constitutes indirect, rather than direct contempt. See Village of Oakwood v. Wuliger (1982), 69 Ohio St.2d 453, 455;Cleveland v. Ramsey (1988), 56 Ohio App.3d 108. For indirect contempt violations, R.C. 2705.03 requires that the court give the contemnor written notice of the charge of contempt and conduct a hearing. See Courtney v. Courtney (1984), 16 Ohio App.3d 329;Cleveland v. Geraci (Dec. 16, 1993), Cuyahoga App. No. 64075, unreported; Cleveland v. Ramsey, supra; State v. Moody (1996),116 Ohio App.3d 176. The trial court did not give notice that appellant would be charged with contempt, nor did the court conduct a hearing before finding appellant in contempt. The decision holding appellant in contempt must be reversed. See Courtney, Geraci, Ramsey,Moody, supra.
We also note that Loc.R. 21, Part II of the Cuyahoga County Court of Common Pleas does not give the authority to impose monetary sanctions on parties or their insurance company representatives who do not attend a settlement conference. See also Loc. R. 21, Part III (H), see generally Turner v. Boyrdkdar (June 17, 1999), Cuyahoga App. No. 75235, unreported.
Accordingly, this assignment of error is sustained.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING APPELLANT IN CONTEMPT.
A person cannot be held in contempt for disobeying an unlawful order of the court. See R.C. 2705.02; State v. Castle
(1994), 92 Ohio App.3d 732. Appellant contends the order that she appear for the settlement conference was contrary to Loc. R. 21, Part II of the Cuyahoga County Court of Common Pleas, which requires the assigned judge to conduct a settlement conference. Loc. R. 21, Part III (1) specifies that if a judge does not appear for a settlement conference within thirty minutes, the parties and counsel can depart without sanctions. Local Rules are applicable as long as they are not in conflict with statute, or other governing Supreme Court Rules. Novak v. Lee (1991), 74 Ohio App.3d 623,628; Krupansky v. Pascual (1985), 27 Ohio App.3d 90, 92. Loc.R. 21 is not in conflict with Civ.R. 16. See Repp v. Horton
(1975), 44 Ohio App.2d 63. The court's order did not comply with the local rules because the assigned judge was not present for the conference. The court's order for appellant to appear for the third day of the conference was not lawful.
Additionally, Civ.R. 16 states that if the court requires the parties, their representatives or insurers to attend a settlement conference, the court shall give reasonable advance notice of the conference. It is questionable whether appellant had reasonable advance notice of the settlement conference.
Accordingly, this assignment of error is sustained.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED BY FINING APPELLANT $200 A DAY FOR A FIRST TIME CONTEMPT OFFENSE IN VIOLATION OF OHIO REVISED CODE SECTION 2705.05.
This assignment of error is moot, given our disposition of the first and second assignments of error.
Accordingly, this assignment of error is overruled as moot.
 IV.
Appellant's fourth assignment of error states:
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO VACATE CONTEMPT ORDER.
Appellant appealed the trial court's order finding appellant in contempt, on June 1, 1998, in case number 74602. Appellant filed a motion to vacate the contempt order on May 24, 1998. The trial judge denied this motion on June 1, 1998, and the order was entered on the docket on June 2, 1998. Appellant appealed from this order in case number 74712. This court does not have jurisdiction to consider the appeal in Case Number 74712.
The order denying the motion to vacate was not effective until it was entered on the journal on June 2, 1998. See Civ.R. 58 (A).Homer v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 289. When a notice of appeal is filed, the trial court only has jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm judgment. See Howard v. Catholic SocialServ. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141; In re Terrance p. (Dec. 15, 1997), Lucas No. L-97-1269, unreported. Ruling upon a motion to vacate the order appealed is inconsistent with the appellate court's jurisdiction. Id. The trial court here lacked jurisdiction to deny the motion to vacate once the appeal was filed, and thus this court lacks jurisdiction to consider the merits of appellant's motion to vacate. See Howard, In re TerranceP., supra.
Accordingly, this court does not have jurisdiction to consider this assignment of error.
Case Number 74712 is dismissed. As to Case Number 74602, the decision of the trial court finding appellant in contempt is reversed.
This cause is reversed.
It is, therefore, considered that the Clerk be ordered to refund appellant's deposit for costs in case no. 74602. Appellant to pay costs in case no. 74712.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. MCMONAGLE, J., AND ANNE L. KITZBANE, J., CONCUR.
 ______________________________ ANN DYKE PRESIDING