**METTLER, Appellant,**

v.

**METTLER, Appellee.**

[Cite as *Mettler v. Mettler* (1988), 61 Ohio App.3d 14.]

Court of Appeals of Ohio,
Ross County.

No. 1507.

Decided Dec. 7, 1988.

*Deborah Douglas Barrington,* for appellant.

*Joseph P. Sulzer*, for appellee.

GREY, Presiding Judge.

This is an appeal from a judgment of the Ross County Court of Common Pleas allowing defendant-appellee, James A. Mettler, Jr., to claim his three minor children as exemptions on his federal and state income tax returns. We reverse.

The record reveals the following facts. The Mettlers were divorced on August 1, 1984. The parties entered into a separation agreement which was incorporated into the decree of divorce. Plaintiff-appellant, Gloria Jean Mettler, received custody of the three minor children born as issue of the marriage while Mr. Mettler was ordered to pay a determined amount of child support.

On December 17, 1987, Mr. Mettler filed a multi-branched motion which came on for hearing on March 22, 1988. At that hearing, Mr. Mettler orally amended his motion, requesting that he be granted the right to claim all three minor children as exemptions on his state and federal tax returns.

The referee hearing the motion recommended that Mr. Mettler be granted that dependency exemption. The referee based his decision primarily on the case of *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 518 N.E.2d 1213. The trial court adopted the referee's recommendation in its March 30, 1988 journal entry. Mrs. Mettler appeals and assigns one error:

"The trial court erred in awarding the federal income tax exemption to defendant-appellee by judgment entry of March 30, 1988, as said award was a property division and not proper as a post-decree division."

In reaching its decision the trial court and the referee relied heavily on the recent Ohio Supreme Court case of *Hughes v. Hughes, supra.* We find the trial court's reliance to be misplaced.

It is axiomatic that a trial court in a divorce proceeding does not have continuing jurisdiction to modify an award in the nature of a property settlement. *Bean v. Bean* (1983), 14 Ohio App.3d 358, 14 OBR 462, 471 N.E.2d 785. By its language in the *Hughes* case, the Supreme Court clearly determined that an award of a dependency exemption was part of the division of property in a divorce proceeding. The *Hughes* case is distinguishable from the case herein. The court in *Hughes* stated that in a *divorce proceeding* a dependency exemption may be awarded. Here, however, the divorce proceeding had long since been terminated.

Thus, pursuant to *Bean, supra*, a trial court may not award such an exemption in any post-decree proceeding. Since there was no provision made

in the divorce decree between the Mettlers concerning the dependency exemption, a trial court may not now award such an exemption. The trial court clearly erred in doing so. Mrs. Mettler's assignment of error is well-taken and is sustained.

This does not, of course, really change anything. In *Hughes, supra,* there was a vigorous dissent over whether a state domestic relations court can order a party to waive an exemption which he is entitled to under the United States Code and Internal Revenue Service ("IRS") rulings.

This whole issue can easily be avoided by holding that a domestic relations court cannot order a person to give up the exemption, but it can order that the amount of child support be reduced until the exemption is executed. If the custodial parent insists on claiming the exemption as a matter of right under Section 152, Title 26, U.S.Code, so that the noncustodial parent incurs a greater tax liability than the tax benefit which the custodial parent receives, a domestic relations court can consider that additional tax liability as a change of circumstances and modify the amount of child support downward.

The IRS ruling was made solely to keep that agency out of domestic relation squabbles. It was not done to prevent a state domestic relations court from achieving equitable results. If the custodial parent takes a "dog in the manger" attitude which results in the noncustodial parent paying higher taxes, the noncustodial parent has less disposable income available to support the children. The custodial parent does not benefit, only the federal government benefits.

On remand, we direct the trial court to consider the tax consequences of Mrs. Mettler claiming the exemption, and the tax consequences of Mrs. Mettler waiving the exemption in favor of Mr. Mettler. If the difference is substantial, and if Mrs. Mettler refuses to execute such a waiver, the trial court may consider this a change of circumstances warranting a reduction in the amount of child support Mrs. Mettler needs.

*Judgment reversed
and cause remanded.*

ABELE, J., concurs.

STEPHENSON, J., concurs in judgment only.