Steven Hurst appeals his conviction for animal cruelty, a violation of R.C. 959.13 and assigns the following errors:
 I. "THE DEFENDANT FILED A MOTION TO DISMISS ON NOVEMBER 12, 1997 AND ON NOVEMBER 18, 1997 THE COURT HELD A HEARING ON THE MOTION, THE COURT ERRED WHEN IT FAILED TO GRANT THE MOTION TO DISMISS."
 II. "THE COURT ERRED WHEN IT REFUSED TO DISMISS THE CASE FOR FAILURE TO COMPLY WITH THE SPEEDY TRIAL PROVISIONS OF OHIO REVISED CODE SECTION 2945.71."
During the early morning hours of June 13, 1997, appellant shot a dog owned by Richard Baker. Appellant testified that he shot the dog because the dog approached him in a menacing manner. The dog died as a result of the gunshot wound. Appellant was indicted on July 25, 1997 and pled not guilty on August 11, 1997. The trial court initially set the case for trial on September 17, 1997, but when the appellant demanded a jury trial, it reset the trial to October 3, 1997. On September 19, 1997, the trial court continued the case and set a new jury trial date of November 14, 1997. Appellant's counsel waived his speedy trial rights for purposes of that continuance. Upon request of appellant's attorney, the jury trial was again rescheduled to December 2, 1997.
On November 12, 1997, the appellant filed a motion to dismiss on the grounds of statutory immunity or privilege. At the conclusion of the hearing on the motion, the trial court gave the state until November 20, 1997 to file a written response to the hearing. No response was ever filed. On April 14, 1998, the trial court overruled appellant's motion and scheduled the jury trial for June 12, 1998. On May 11, 1998, the appellant filed a motion to dismiss on speedy trial grounds. On June 12, 1998, the trial court overruled appellant's motion to dismiss on speedy trial grounds and the matter to proceed to trial. After the jury found appellant guilty, the trial court sentenced appellant to thirty days in jail and a $250 fine, but suspended both in lieu of two years probation and ordered appellant to pay restitution to Baker.
In his first assignment of error, appellant argues that the trial court erred by failing to grant his initial motion to dismiss. In that motion, appellant asserted that the complaint was filed contrary to R.C. 955.28, which provides in part:
 (A) * * * a dog that is chasing or approaching in a menacing fashion or apparent attitude of attack, that attempts to bite or otherwise endanger, or that kills or injures a person * * * can be killed at the time of that chasing, approaching, attempt, killing, or injury. If, in attempting to kill such a dog, a person wounds it, he is not liable to prosecution under the penal laws which punish cruelty to animals.
* * *
Appellant argues that, as a matter of law, this section prohibits the appellee from prosecuting him for shooting Baker's dog. R.C. 955.28 provides an affirmative defense to a charge of cruelty to animals if a dog is chasing or approaching a person in a menacing manner. State v. Bravard (Oct. 6, 1986), Warren App. No. CA85-12-093, unreported. See, also, Penny v.Fourman (Nov. 6, 1998), Darke App. No. 98CA1465, unreported (R.C. 955.28(A) establishes self-defense as a defense in a civil action for damages for the killing or injuring of a dog). The burden of going forward with the evidence of an affirmative defense and the burden of proof for an affirmative defense is upon the accused. R.C. 2901.05(A). Thus, R.C. 955.28 does not bar the prosecution of a person for animal cruelty who kills or injures a dog in self-defense. Rather, R.C. 955.28 provides an affirmative defense to be used in such a prosecution. Whether the accused is entitled to acquittal because of the affirmative defense is to be resolved by the finder of fact. See, e.g.,State v. Hayes (Feb. 2, 1988), Franklin App. No. 87AP-700, unreported. As a matter of law, the trial court did not err by overruling appellant's initial motion to dismiss. We overrule appellant's first assignment of error.
In his second assignment of error, appellant argues that the trial court should have granted his second motion to dismiss because the state failed to bring him to trial within the speedy trial deadline. The Sixth Amendment to the United States Constitution guarantees a criminal defendant a speedy trial.State v. Ladd (1978), 56 Ohio St.2d 197.
Review of a speedy trial issue usually raises a mixed question of law and fact. We accept the trial court's findings of fact on some competent, credible evidence, but freely review application of law to facts. State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10, unreported; State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136, unreported.
A person charged with a misdemeanor of the first or second degree, such as a violation of R.C. 959.13, must be brought to trial within ninety days. R.C. 2945.71(B)(2). The ninety day speedy trial requirement may be extended only for the reasons listed in R.C. 2945.72, such as:
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
R.C. 2945.72(H). Thus, the defendant's act of filing a motion to dismiss will act to toll the speedy trial time until the motion is ruled upon; the number of days the motion is pending is not counted in the speedy trial calculation. State v. Mintz
(1991), 74 Ohio App.3d 62; State v. Parker (1991), 72 Ohio App.3d 456.
Appellant was served with a summons on August 4, 1997. Forty-six days elapsed until appellant moved for a continuance of the jury trial date. After another request by the appellant for a continuance, the trial court reset the trial for December 2, 1998. Then appellant filed the motion to dismiss on speedy trial grounds. After an oral hearing, the trial court filed an entry that provided: "The Court gives State until 4:00 p (sic) on Nov. 20 to file written response to oral hearing." The State never did so. Nothing else was filed until April 14, 1998 when the trial court overruled appellant's motion to dismiss. On May 4, 1998, the trial court set a new trial date of June 12, 1998.
Appellant puts forth three different arguments as to how his speedy trial rights were violated: (1) since the state never filed a written response to its motion to dismiss and the trial court never extended the deadline, the time from November 20, 1997 to April 14, 1998 should be counted against the state; (2) that the trial court took an unreasonably long time to decide his first motion to dismiss and thus violated his right to a speedy trial; (3) that the trial court ignored his December 2, 1997 trial date and never granted a continuance, so the days following the December trial date should be counted against the state.
To support his first argument, appellant cites State v.Collura (1991), 72 Ohio App.3d 364. In Collura, the court charged the state with the time from when the state was ordered to file its brief to the date when the brief was actually filed. Appellant argues that since the state failed to file a brief after the trial court ordered it do so, the time after the state was ordered to file a brief should be charged to the state. We disagree, contrary to the facts in Collura, appellee was never ordered to file a brief. Rather, the trial court gave the state until a certain date to file a written response. While the City Solicitor had a statutory duty to represent the State, he was not ordered to file a brief. Thus, the principles of Collura are inapplicable to this case. We reject appellant's first argument.
Next, appellant argues that the trial court violated his speedy trial rights by taking an unreasonably long time to rule on his first motion to dismiss. Normally time spent by the trial court in determining a defendant's motion is not used in calculating speedy trial time, see R.C. 2945.72(H); State v.Wilson (1982), 7 Ohio App.3d 219. However, an unreasonable or excessive delay in determining such a motion may violate a defendant's speedy trial rights. See, e.g., State v. Arrizola
(1992), 79 Ohio App.3d 72.
The trial court took one hundred forty seven days to decide the appellant's first motion to dismiss. Appellant argues that the Revised Code required the trial court to decide the motion within one hundred and twenty days, but provides no citation. M.C.Sup.R. 6(A) requires all motions to be ruled on within one hundred and twenty days, but the Rules of Superintendence are internal housekeeping rules and do not give any rights to individual defendants. Esber v. Esber (1989), 63 Ohio App.3d 394. The appellant's motion was accompanied by an approximately one page memorandum in support that contained no legal authority other than the statute under which appellant was charged and a citation to R.C. 955.22. While one hundred forty-seven days may be a long time to decide the motion, even without much guidance from the movant, it does not rise to the level of depriving appellant of his speedy trial rights. We reject appellant's second argument.
Lastly, appellant argues that his speedy trial rights were violated by the trial court when it ignored the December trial date. He asserts that without the continuance, the time after the December trial date must be counted against the state. Normally, a continuance of a trial date journalized without explanation of the reasons it was granted or a notation of to whom it is charged is counted against the state. See State v.Wagner (1993), 88 Ohio App.3d 389, 402. But here, the time is counted against the defendant because the appellant's motion to dismiss was pending. R.C. 2945.72(H). We reject appellant's third argument.
Having rejected all three of appellant's arguments, we overrule appellant's second assignment of error.
In sum, we have overruled both of appellant's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this Judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, P.J. and Abele, J., Concur in Judgment Opinion
For the Court
 By: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.