OPINION
Appellant, Thomas R. Tracy, appeals the judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, ordering him to pay appellee, Mary Jane Tracy (n.k.a. Mary Jane Hendricks), child support and reimbursement for unpaid medical, dental, and optical expenses.
Appellant and appellee were married in August 1965 and produced six children as issue of the marriage. On September 16, 1980, the Trumbull County Court of Common Pleas granted appellee's complaint for divorce. As part of that decision, appellee was awarded custody of their six children. Appellant was ordered to pay child support and to pay all extraordinary medical, dental, optical, and hospital expenses incurred by the minor children.
On October 4, 1991, appellee filed a motion with the court requesting that appellant be ordered to pay child support which he had not paid since 1983. The matter was referred to the magistrate. On May 12, 1992, the magistrate filed her decision. In that decision, the magistrate, among other things, determined that appellant must compensate appellee for unpaid child support for the period of 1984 through 1991 in the amount of approximately $35,098, plus poundage. Additionally, the magistrate recommended that child support, beginning in 1992, be ordered in the amount of $880 per month plus poundage. The magistrate recommended that amount based on appellant's 1990 income, after appellant had failed to comply with numerous orders to supply her with current income information. The magistrate also decided that appellant owed appellee for medical expenses incurred by her in receiving care for their minor children.
On May 26, 1992, appellant objected to the magistrate's decision. Importantly, in his objections, appellant argued that the magistrate erred by improperly calculating his income for the years 1988, 1989, 1990, and 1991. Appellant also objected to the award of extraordinary medical expenses. In a judgment entry filed August 11, 1992, the trial court ordered that the matter be remanded for further proceedings regarding appellant's income for the calendar years 1987 through 1991. The trial court expressly stated that all other objections were overruled and that all other recommendations made by the magistrate were adopted. Appellant failed to file any appeal regarding that judgment entry.
After approximately three years, appellee, on October 4, 1995, filed a motion to reduce the child support arrearages due from appellant, up to the date of the hearing, to a lump sum judgment. Specifically, appellee requested that appellant be ordered to comply with the trial court's August 11, 1992 judgment entry, as he had failed to pay all child support and extraordinary medical expenses after that judgment.
A hearing on appellee's motion was held on November 14, 1995, before the magistrate. In a decision filed on that same date, the magistrate determined that child support accrued at the rate of $880 per month, as stated in the court's previous order, which totaled $40,650 for January 1992 through October 1995. The magistrate further concluded that appellant owed appellee for the medical expenses outlined in the August 11, 1992 judgment entry and for child support owed prior to that judgment. Finally, the magistrate recommended that a hearing must be held on the issue of whether the child support was incorrectly calculated for the years of 1987 through 1991, as directed in the court's August 11, 1995 judgment entry. On November 16, 1995, the trial court adopted the magistrate's decision.
Appellant objected to the magistrate's decision on November 27, 1995. In a November 30, 1995 judgment entry, the trial court overruled appellant's objections and held that its August 11, 1992 remand for re-computation of child support for the period of 1987 through 1991 did not vacate its additional order that child support be set at $880 per month beginning in January 1992. The court also stated that appellee must file the appropriate motions and schedule a hearing in regard to the re-computation order for child support.
Appellant filed a notice of appeal from the November 30, 1995 judgment entry on December 28, 1995. In the notice of appeal, appellant assigned the following as the issues for review: "Trial [c]ourt errored [sic] in using incomplete records of income to determine [c]hild [s]upport obligation; prior court did not properly review [m]agistrate's [d]ecision." On April 22, 1996, this court dismissed appellant's appeal, referencing an April 19, 1996 memorandum opinion. The memorandum opinion stated that the appeal was dismissed due to there being no final appealable order.
In May 1997, the trial court held a hearing to determine appellant's child support obligations for the period of 1987 through 1991, and to determine his obligation for medical expenses for his minor children for that same period of time. On June 8, 1998, the trial court issued a detailed judgment entry in which it held that appellant owed child support in the amount of $31,104 for the period of January 1987 through December 1991. Also, appellant was ordered to pay $3,848 as reimbursement for extraordinary medical expenses and declined appellant's motion to reconsider the order of child support for the years 1992 through 1996.
Appellant timely appealed and now asserts the following assignments of error:
 "[1.] The trial court committed reversible error in imposing a child support obligation upon appellant from January 1992 through December 1996, which obligation was not based upon appellant's earnings nor substantiated by verification of appellant's or appellee's income during the years to which the support order applies.
 "[2.] The trial court abused its discretion by including the income of appellant's spouse in determining appellant's income for the purpose of establishing appellant's support obligation.
 "[3.] The trial court abused its discretion in its determination that appellant owes [$3,848] to appellee for medical, dental and optical expenses although appellee failed to demonstrate that said expenses were extraordinary medical expenses for the care of the minor children of the parties."
In the first assignment of error, appellant avers that trial court failed to comply with the order of remand by this court in its April 26, 1996 judgment entry, because it did not reconsider the child support order for the years 1992 through 1996. Appellant also expressly argues that the trial court erred by ordering him to pay child support in the amount of $880 beginning in 1992, since that amount was calculated based upon his 1990 income, which was remanded by the trial court for re-calculation.
Civ.R. 53(C) permits a trial court to refer to a magistrate "any pretrial or post-judgment motion in any case," and "the trial of any case that will not be tried to a jury." See Civ.R. 53(C)(1)(a)(i) and (ii). Once the magistrate has filed its decision in a given matter, a party has fourteen days to file written objections. Civ.R. 53(E)(3)(a). Provided that no written objections to the magistrate's decision are filed, and there does not exist any error of law or defect on the face of that decision, the trial court may adopt the magistrate's findings of fact and conclusions of law. Civ.R. 53(E)(4)(a). Moreover, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53(E)(3)(a)]." Civ.R. 53 (E)(3)(b).
In the case sub judice, the trial court properly referred appellee's motion for child support to the magistrate under Civ.R. 53(C). The record reveals that the magistrate filed her decision on May 12, 1992, which gave appellant until May 26, 1992, to file any and all objections he had to that decision. While appellant did file objections to the magistrate's decision on May 26, 1992, there was no objection to the magistrate's finding that appellant pay child support in the amount of $880 per month beginning in January 1992. Consequently, when the trial court expressly stated in its August 11, 1992 judgment entry that it adopted all recommendations contained in the magistrate's decision, except those for which objections were filed, appellant had effectively waived his right to appeal the issue of child support beginning in January 1992. The waiver occurred as a result of Civ.R. 53(E)(3)(b), which precludes the assignments of error on appeal that were not properly objected to within the fourteen day period. Therefore, appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant argues that the trial court erred in calculating his income for the years 1987 through 1991, because the court improperly included the income of Linda Tracy (appellant's wife). Appellant contends that both he and his wife jointly operated a Subway Franchise and an Amway Distributorship, earning income equally from both companies, as supported by his testimony that Linda Tracy had specific duties in operating the businesses. Thus, appellant contends that the trial court erred in attributing the entire income from both companies to him, alone.
An appellate court must apply the abuse of discretion standard when reviewing matters concerning child support. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. Abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In determining a person's income for purposes of computing child support, the term, "income," must be construed in a broad and flexible fashion. Williams v. Williams (1991), 74 Ohio App.3d 838,843; Murray v. Murray (Feb. 8, 1999), Warren App. No. CA98-08-097, unreported, at 7, 1999 Ohio App. LEXIS 367. Furthermore, in computing the person's income for purposes of calculating child support, the differences between C.P.Sup.R. 75 and R.C. 3113.215 (effective April 12, 1990) are negligible.Williams, 74 Ohio App.3d at 843, fn. 1. However, the provision in effect at the time of the filing of the judgment from which the appeal is taken must be applied by the reviewing court. Id. In addition, the expert testimony of a certified public accountant concerning the income of a particular party is appropriate in a child support hearing. Id. at 840. Finally, a party's tax returns are a proper reference point to aid in calculating that party's income, though other relevant factors also must be evaluated. Houts v. Houts (1995), 99 Ohio App.3d 701, 706.
In our case, the record shows that the trial court judge computed appellant's income for the years 1987 through 1991 based on tax returns filed by him and Linda Tracy. The trial judge also supported its conclusion on this issue by utilizing information provided by the expert testimony of James Colella, who is a certified public accountant. Mr. Colella testified that his calculations were founded on data received from appellant's tax returns and by applying generally accepted accounting principles.
The tax records for the years 1987 through 1991 show that Linda Tracy represented her occupation as being a "homemaker" or "housewife" for each year and signed the documents under penalty of perjury. Additionally, appellant described his occupation on each of those returns as being a "merchant," "proprietor," or "self-employed," and also signed the returns under penalty of perjury. Accordingly, contrary to appellant's assertions, we cannot conclude that the trial court erred in holding that the income reported on the tax returns for the period of 1987 through 1991 was income derived solely by appellant.
As a final point in addressing this assignment of error, it must be recognized that appellant is not entirely correct in asserting that a spouse's income cannot be considered by a trial court in establishing child support. Indeed, for child support issues considered prior to the effective date of R.C. 3113.215
(namely when C.P.Sup.R. 75III(A)(2) was in effect), "`an increase in income brought about by the remarriage of the non-custodial parent [was] a factor to be considered in assessing the ability to pay child support.'* * *" (Citations omitted.) Esber v. Esber
(1989), 63 Ohio App.3d 394, 398. Again, for appellant's income calculated for child support purposes in 1990 and 1991, R.C.3113.215 was in effect. However, in the case of Inscoe v. Inscoe
(1997), 121 Ohio App.3d 396, 425-426, the court noted that R.C.3113.215(B)(3)(h) states that in determining the amount of child support to be awarded, a trial court may consider the "`[b]enefits that either parent receives from remarriage or sharing [of] living expenses with another person.'" Thus, under either C.P.Sup.R. 75III(A)(2) or R.C. 3113.215, a trial court could consider an increase in a non-custodial parent's income resulting from remarriage in establishing the amount of child support to be paid.
For the foregoing reasons, appellant's second assignment of error is without merit.
Appellant, in the third assignment of error, argues that the trial court abused its discretion in determining that he owes $3,848 to appellee for extraordinary medical expenses incurred by their minor children. Appellant claims that the $3,848 in medical expenses paid by appellee were for ordinary medical care. Importantly, appellant's contentions in this assignment of error invoke the issue of manifest weight.
In State ex rel. Pizza v. Strope (1990), 54 Ohio St.3d 41, 46, quoting SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, the Ohio Supreme Court articulated the principles to be applied in resolving a manifest weight issue:
 "`While we agree with the proposition that in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence in a proper case, it is also important that in doing so a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct.
 "`The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. The interplay between the presumption of correctness and the ability of an appellate court to reverse a trial court decision based on the manifest weight of the evidence was succinctly set forth in the holding of this court in C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279 * * *:
 "`"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."'" (Parallel citations omitted.)
In this appeal, appellant has supported his position only by stating in a conclusory manner that the expenses were not extraordinary. As indicated in Strope, this court must be guided by a presumption that the trial court correctly decided that the medical expenses were extraordinary. Also, the trial court was in the best position to judge the credibility of each party.
Additionally, the record reveals that the trial court conducted a hearing on the issue and determined that based upon the testimony of appellee, regarding the medical bills submitted to the court, they were bills for extraordinary medical expenses. In arriving at this conclusion, the trial court reviewed approximately one hundred fifteen checks paid by appellee. The court then determined that thirty-nine of those checks represented payments for extraordinary medical expenses. Finally, the trial court found that those thirty-nine checks totaled $3,848. The testimony of appellee, coupled with the court's inquiry into each check, constitutes competent evidence that such medical expenses actually existed. Thus, we cannot say that the judgment of the trial court was against the manifest weight of the evidence. Therefore, appellant's third assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
 __________________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.