OPINION
James D. McLemore is appealing the judgment of the Clark County Common Pleas Court Domestic Relations Division finding that he owed his former wife $8,791.34 from the sale of the former marital residence.
On March 16, 1999, James D. McLemore and his former wife, Sheila McLemore, were granted a dissolution of marriage which incorporated their shared parenting plan and separation agreement.[1] Sheila and James had two daughters as a result of the marriage. At the time of the dissolution, Sheila was represented by Attorney William West, who drafted the separation agreement and the decree of dissolution. James was not represented by counsel. The parties owned a marital residence which had two mortgages attached to the property. Additionally, James had recently begun his own business as an electrician, which was showing signs of success.
The separation agreement provided that Sheila would receive the marital residence "free and clear of any interest of [James]." Additionally, the agreement provided that Sheila would be responsible for the amount owed on the first mortgage and James would be responsible for the amount owed on the second mortgage. The separation agreement continued on to state that when the property is sold either when their youngest child reached eighteen years of age or any time before at Sheila's discretion, the parties would divide equally the proceeds realized. Additionally, at the time of the dissolution James had begun his own electrician business, which Sheila alleges had significant worth. In the separation agreement, James received his business and all its assets "free and clear" of any interest of Sheila. Both parties agree that Sheila signed away any interest she had in James's business in exchange for Sheila receiving the house free and clear and James paying the second mortgage.
Sheila remained in the marital residence for a period until she became behind in the first mortgage payments and a foreclosure action was filed against the parties. Additionally, the house was past due on the real estate taxes, which were deficient at the time of the decree of dissolution. In April of 2000, the house was sold at a loss of $2,760.11, which James paid. In the foreclosure action, the money from the sale of the house was used to pay off the first mortgage, then to pay off the second mortgage, and the remainder was applied to the past due real estate taxes. The separation agreement did not specify what occurred in the case of the house being sold in a foreclosure action.
Additionally, the decree of dissolution did not address past due real estate taxes, other past due household bills, and a few other financial issues. On December 13, 1999, Sheila filed a Rule 60(B) motion for relief from the decree of dissolution for the trial court to address real estate taxes and monthly mortgage obligations prior to the decree of dissolution. On August 18, 2000, Sheila filed a Motion to Address Additional Issues requesting the trial court to address issues or situations not addressed in the separation agreement. A hearing was held on this motion on August 25, 2000 and October 6, 2000. At the hearing, James submitted to the court an unfiled request for the court to address all financial issues between the parties. In the trial court's judgment issued on October 25, 2000, it overruled Sheila's Rule 60(B) motion, deciding to address those issues in its decision on her Motion to Address Additional Issues. The court determined that James was required to compensate Sheila $15,950.46, the amount from the sale of the marital residence which was used to pay off the second mortgage, but was entitled to offsets for other expenses which he had paid but were not addressed in the separation agreement, such as the $2,760.11 which he paid at the time of the foreclosure sale and past due medical expenses for the children which Sheila had failed to pay. Additionally, the trial court found that James owed Sheila $1,186.00 for one half of the past due accounts and real estate taxes. After calculating the amounts owed Sheila and the offsets due James, James was ordered to pay Sheila $8,791.34. James has filed this timely appeal from that judgment.
James asserts the following assignments of error:
 1. THE TRIAL COURT DID NOT HAVE JURISDICTION TO MODIFY THE PARTIES' PROPERTY SETTLEMENT CONTAINED IN THEIR SEPARATION AGREEMENT.
 2. THE TRIAL COURT ABUSED ITS DISCRETION BY EXTENDING APPELLANT'S OBLIGATION UNDER THE SEPARATION AGREEMENT BEYOND THE PLAIN MEANING OF THE AGREEMENT.
Appellant's first assignment of error: James argues that the trial court erred in ordering James to compensate Sheila for the amount of money used from the sale of the house to pay off the second mortgage, because it was a modification of the property distribution included in the separation agreement which was part of the decree of dissolution. We disagree. However, the trial court did err by modifying the property distribution by including in the calculation of the money judgment the real estate taxes and past due household accounts which were not considered in the decree of dissolution.
The jurisdiction of the court of common pleas and its divisions is fixed by legislative enactment. Section 4(B), Article IV, Ohio Constitution. The domestic relations division of the court is statutorily bound to divide all properties in which either party has an interest at the time of the decree of dissolution. R.C. 3105.171(B). R.C. 3105.171(I) prohibits a court from modifying a previous division or distribution of property. See also, Mettler v. Mettler (1988), 61 Ohio App.3d 14; Bean v. Bean (1983), 14 Ohio App.3d 358. R.C. 3105.65(B) makes the same provisions applicable to decrees of dissolution.
However, pursuant to Civil Rule 60(B), a domestic court may relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B). Additionally, if confusion surrounds a particular clause in a separation agreement, the trial court has broad discretion to clarify ambiguous language and may consider the parties' intent and the equity involved. In re Dissolution of Marriage of Seders (1987), 42 Ohio App.3d 155, 157.
In rendering its judgment, the trial court determined that James was obligated to pay the remaining balance on the second mortgage of $15,950.46. However, the trial court proceeded to then give James offsets for real estate taxes, past due medical expenses, and for a recaptured amount paid by the mortgage company stemming from Sheila's failure to meet her monthly mortgage obligations. Additionally, the trial court found James owed Sheila for past due accounts, half of the refund from the closing and added this to the amount James was ordered to compensate Sheila. After all its calculations, the trial court ordered James to compensate Sheila $8,791.34.
James argues that the trial court erred in its determination that he was obligated to pay the remaining balance on the second mortgage of $15,950.46. We disagree.
The separation agreement in the instant action stated:
 [Sheila] shall receive the real property of the parties commonly known as 4007 Schenly Street, Enon, Ohio, free and clear of any interest of [James.] [Sheila] shall pay the first mortgage to U.S.D.A. in the monthly amount of $426.00 and [James] shall pay the second mortgage to American General in the amount of $265.00 per month. When the parties' youngest child attains the age of 18 years and completes high school, or at any time before then at [Sheila's] discretion, the real estate shall be sold and the parties shall equally divide the proceeds realized therefrom.
(Emphasis added). The separation agreement also provided that James would receive his electrician business and any of its assets "free and clear" of any interest of Sheila. James conceded at trial that financial issues existed which were not addressed in the parties' separation agreement by submitting his request to the trial court at the hearing that it address all financial issues. In his testimony, James explained that he understood that he was taking the second mortgage in exchange for Sheila's release of the electrician business. (8/25/00 Tr. 79). Additionally, James testified that it was not his understanding that he would receive half of the proceeds when the house was sold, but rather only $5,000. (10/6/00 Tr. 9-10). Therefore, we disagree with James's assertion that the separation agreement clearly provided what was to occur if the house was sold pursuant to a foreclosure and a deficiency existed.
Even if we were to conclude that the phrase, "the parties shall equally divide the proceeds realized," described what would occur if the house was sold after both mortgages were paid off, which all of the parties appear to agree it did not mean, the separation agreement does not state whether upon the sale of the house James's second mortgage is paid off from the sale of the house. (8/25/00 Tr. 22-23, 79). Rather, the separation agreement states that Sheila receives the house "free and clear" of any interest of James and that James is responsible for paying the second mortgage. Based on this, we find that the trial court properly was clarifying the terms of the separation agreement when it found that James owed Sheila $15,950.46 for the second mortgage.
However, in calculating the money judgment in favor of Sheila, the trial court considered property interests which were neither considered nor divided in its decree of dissolution. The trial court awarded Sheila one half of the amount of past due accounts and real estate taxes and included this in its calculation of the award to Sheila even though these were not included in the decree of dissolution. In failing to divide all of the parties' property interests in the decree of divorce, the decree is flawed. Since the money judgment in favor of Sheila on appeal included the past due accounts and real estate taxes which were not considered in the decree of dissolution, the trial court's order amounts to a modification of the decree of dissolution, which the trial court had no jurisdiction to order pursuant to R.C. 3105.171(I). Although both parties requested and conceded to the trial court addressing these additional issues, the parties cannot confer jurisdiction over those issues in this manner. Therefore, the trial court erred when it included the past due accounts and real estate taxes in calculating Sheila's money judgment as it did not have jurisdiction over these issues. The trial court could only acquire jurisdiction to rule on the real estate taxes and the past due accounts through a judgment on a Civil Rule 60(B) motion for relief from judgment. Although in the instant case, Sheila filed a Rule 60(B) motion for relief addressing the real estate taxes, she did not file a Rule 60(B) motion addressing the past due accounts. Further the trial court overruled Sheila's Rule 60(B) motion, instead erroneously electing to consider these issues which were not addressed in the decree of dissolution in Sheila's Motion to Address Additional Issues. We do not foresee a problem on remand with Sheila filing a Rule 60(B) motion to address the real estate taxes and the past due accounts and the trial court sustaining the motion and issuing the same result.
We wish to clarify that the trial court did not lack jurisdiction to grant relief to Sheila on her claim for the balance on the second mortgage. As stated above, Sheila was awarded the marital residence free and clear of any claim of James, who was required to pay the second mortgage. Additionally, this does not mean the trial court did not reach a just result, but rather in reaching the result it exercised jurisdiction it did not have.
The first assignment of error is sustained.
Appellant's second assignment of error: Since the first assignment of error is sustained, the second assignment of error is moot. Yet, the second assignment of error is the primary dispute between the parties, whether and in what amount James should have to reimburse Sheila for the payment of the second mortgage.
James argues that the separation agreement's provision describing how the proceeds are to be divided between Sheila and James creates an inference that the money from the sale of the house would be used to pay off both mortgages. However, the separation agreement does not provide this. Rather in this situation where no proceeds were obtained, the separation agreement is silent except to state that each party is responsible for their mortgage obligation. Both James and Sheila agreed that James received his electrician business free and clear by assuming the responsibility for the second mortgage. However the second mortgage was paid off through the money obtained from the sale of the house. Therefore, James did not have to pay off the second mortgage through his own funds.
Additionally, James argues that the trial court failed to consider the equities between the parties because the business which James admittedly received in exchange for assuming responsibility for the second mortgage became defunct in the year after marriage. However, at the hearing, evidence was presented that James's electrician business was valuable at the time of the decree of dissolution and provided him with significant income. (8/25/00 Tr. 16-17, 79; 10/6/00 Tr. Plaintiff's Ex. 9). Thus, the trial court could have properly considered the equities involved in this case.
As stated in the previous assignment of error, the separation agreement did not specify how the mortgages were to be paid off if sold in a foreclosure action without proceeds and the evidence presented via the testimony at the hearing and the separation agreement supported Sheila's argument that she received the house free and clear and James was separately responsible for paying the second mortgage. Therefore, nothing in the separation agreement prevents a trial court from clarifying the ambiguous language in the separation agreement to find that James' right to share in the sale proceeds was a contingent right. Therefore, we cannot say that upon remand the trial court would be abusing its discretion in determining that James should compensate Sheila for the amount of the second mortgage which was paid off by the sale price of the house.
The judgment of the trial court is reversed and remanded.
FAIN, J. and GRADY, J., concur.
[1] In the interest of clarity, we will hereinafter refer to the parties by their first names.