DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Court of Common Pleas judgment of conviction and sentence. Following a no contest plea, the trial court found Larry Perry, defendant below and appellee herein, guilty of assault in violation of R.C. 2903.13.
 {¶ 2} Appellant raises the following assignments of error for review and determination:
FIRST ASSIGNMENT OF ERROR:
"DEFENDANT'S CONVICTION AND SENTENCE WERE IN VIOLATION OF HIS CONSTITUTIONALLY PROTECTED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED BY NOT ORDERING AS PART OF DEFENDANT'S SENTENCE THAT HE BE GIVEN CREDIT FOR THE NUMBER OF DAYS SERVED DURING PRE-TRIAL INCARCERATION IN LIEU OF BAIL."
THIRD ASSIGNMENT OF ERROR:
"DEFENDANT'S CONVICTION AND SENTENCE WERE IN VIOLATION OF HIS RIGHT TO DUE PROCESS IN THAT HE WAS NOT AFFORDED A HEARING ON HIS MOTION TO DISMISS PRIOR TO ENTERING HIS PLEA OF NO CONTEST."
FOURTH ASSIGNMENT OF ERROR:
"DEFENDANT'S CONVICTION AND SENTENCE WERE IN VIOLATION OF HIS STATUTORY RIGHTS UNDER RULE 39(B)(2) OF THE RULES OF SUPERINTENDENCE FOR THE COURTS OF OHIO."
 {¶ 3} On September 19, 2004, appellant, while incarcerated on unrelated charges, struck another inmate with a broom. On September 20, 2004, a complaint filed in municipal court charged appellant with felonious assault in violation of R.C. 2903.11. On September 30, 2004, the court ordered the case bound over to the common pleas court.
 {¶ 4} On December 1, 2004, appellant filed a pro se motion to dismiss and asserted that because the grand jury had not taken action within sixty days from the date of his bindover, C.P.Sup.R. 39(B)(2) required the court to dismiss the charge. On December 3, 2004, the grand jury returned an indictment charging appellant with felonious assault.
 {¶ 5} Subsequently, the prosecution entered into a plea agreement to reduce the charge to a misdemeanor assault offense and appellant pled no contest. The trial court then found appellant guilty and sentenced him to six months imprisonment to be served concurrently with the sentence imposed in Case Number 04CR284.[1] This appeal followed.
 I {¶ 6} In his first assignment of error, appellant asserts that his trial counsel rendered ineffective assistance by: (1) failing to request jail time credit for the days he spent in jail before the court imposed his sentence; and (2) failing to ask the court to rule upon his pro se motion to dismiss.
 {¶ 7} In response to appellant's argument that counsel rendered ineffective assistance, the prosecution writes:
"The State takes no position as to the propriety of crediting Appellant's jail sentence with time served prior to conviction. Pursuant to the plea agreement between Appellant and the State, the State reduced Appellant's indicted offense from a felony to a first degree misdemeanor, and took no position as to sentencing. It was understood at the time of the plea that any jail sentence imposed upon Appellant would have to be served concurrent to the prison sentence Appellant had received for his conviction in the Ross County Court of Common Pleas, case number 04C-R-284. In that matter Appellant was sentenced, on March 2, 2005, to a cumulative prison sentence of 16 years. The State anticipated at the time of the plea that Appellant would not serve any actual additional time for his conviction of Assault. Whether Appellant receives credit for time served or not, he will ultimately serve the same amount of time in jail (post conviction) for the offense of Assault: none. Therefore, as a practical matter the State takes no position as to jail-time credit for this misdemeanor conviction."
 {¶ 8} Thus, the prosecution asserts that trial counsel was not ineffective in failing to request a hearing on appellant's pro se motion to dismiss because the motion became moot once the grand jury indicted appellant.
 {¶ 9} A reviewing court will not reverse a trial court's judgment based upon a defendant's ineffective assistance of counsel claim unless the defendant shows both: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. See, e.g., State v. Smith (2000),89 Ohio St.3d 323, 327, 731 N.E.2d 645, citing Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 142,538 N.E.2d 373. To show that counsel performed deficiently, the defendant must demonstrate that defense counsel's performance fell below an objective standard of reasonableness. See, e.g., Bradley. To show that counsel's deficient performance prejudiced the defense, the defendant must show that a reasonable probability exists that, were it not for counsel's errors, the result of the proceeding would have been different. See, e.g., State v. White
(1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772. If one part of theStrickland test disposes of an ineffective assistance of counsel claim, we need not address both parts. Strickland;Bradley.
 {¶ 10} In the case at bar, we disagree with appellant's claim that counsel's allegedly deficient performance concerning the failure to request jail time credit prejudiced his case. R.C.2967.191 governs jail-time credit and provides:
The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *.
 {¶ 11} "The statute requires that any sentence be reduced by the number of days the prisoner was confined for any reason arising out of the offense for which he was convicted." State v.Redman, Ross App. No. 00CA2556, 2001-Ohio-2679. Thus, "the trial court ha[s] a duty to credit the appropriate jail time against [a defendant's] sentence." State v. Smith (1992),71 Ohio App.3d 302, 303-304, 593 N.E.2d 402, citing State v. Logan (1991),71 Ohio App.3d 292, 593 N.E.2d 395. However, a defendant is not entitled to jail time credit for any period of incarceration which arose from facts separate and apart from those on which his current sentence is based." Redman.
 {¶ 12} In his appellate brief, appellant acknowledges that before his sentencing in the case at bar he was being held on this charge as well as another charge. At the time of the commission of the offense involved in the instant case, appellant was incarcerated on unrelated charges. Appellant admits that he received jail time credit for those days in another case and he is not entitled to additional jail time credit in this case. SeeRedman. Therefore, had appellant's trial counsel requested jail time credit, the trial court would have had no obligation under these facts to give appellant jail time credit. Thus, appellant cannot demonstrate that counsel's allegedly deficient performance prejudiced his case.
 {¶ 13} Second, we disagree with appellant that counsel's allegedly deficient performance in failing to request the court to rule upon his pro se motion to dismiss prejudiced his case. Appellant claims that under C.P.Sup.R. 39(B)(2), he was entitled to a dismissal of the charges. C.P.Sup.R. 39(B)(2) states:
"When an accused has been bound over to a grand jury and no final action is taken by the grand jury within sixty days after the date of the bindover, the court or the administrative judge of the court shall dismiss the charge unless for good cause shown the prosecuting attorney is granted a continuance for a definite period of time."
 {¶ 14} In State v. Tyler (1990), 67 Ohio App.3d 455,456-457, 587 N.E.2d 367, we discussed the predecessor rule to C.P.Sup.R. 39(B)(2), C.P.Sup.R. 8(A), and noted that the rule does not entitle a criminal defendant to a dismissal with prejudice of the charges. We stated:
"Section 5(A), Article IV, Ohio Constitution authorizes the Ohio Supreme Court to establish Rules of Superintendence. `* * * These Rules of Superintendence are designed (1) to expedite the disposition of both criminal and civil cases in the trial courts of this state, while at the same time safeguarding the inalienable rights of litigants to the just processing of their causes; and (2) to serve that public interest which mandates the prompt disposition of all cases before the courts.
* * * The Rules of Superintendence are not designed to alter basic substantive rights of criminal defendants.' State v.Singer (1977), 50 Ohio St.2d 103, 109-110, 362 N.E.2d 1216,1220-1221.
The court in the instant case was correct in finding C.P.Sup. 8(A) had been violated; however, it was incorrect in the sanction it imposed for the violation. Although the rule calls for a dismissal of the charge, it does not state the dismissal should be with prejudice. Appellee cites no authority for the court's use of the superintendence rules as an absolute bar to criminal prosecution.
In State v. Porter (1976), 49 Ohio App.2d 227, 230,360 N.E.2d 759, 761, the court stated: `This court has consistently held that the Superintendence Rules are guidelines for judges only and cannot be used by criminal defendants as a ground for discharge.'
The court in State v. Gettys (1976), 49 Ohio App.2d 241, 243, 3 O.O.3d 286, 287, 360 N.E.2d 735, 737, found the Rules of Superintendence to be:
`* * * [P]urely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants. * * *'"
 {¶ 15} Thus, because the rule is not mandatory, the trial court had no obligation to dismiss the charges with prejudice. Furthermore, had the court ordered a dismissal, the state could have simply re-filed the charges. Thus, the under the facts presented in the case at bar, appellant has not demonstrated prejudice that would warrant a reversal of his criminal convictions.
 {¶ 16} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 17} In his second assignment of error, appellant contends that the trial court erred by failing to give him credit for the number of days he served during pretrial incarceration in lieu of bail.
 {¶ 18} Our discussion of appellant's first assignment of error sufficiently disposes of this issue and we need not repeat that discussion here. Appellant is not entitled to jail time credit when he received credit for the days spent in jail in an unrelated case.
 {¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III {¶ 20} In his third assignment of error, appellant argues that the trial court deprived him of his procedural due process rights by failing to hold a hearing regarding his motion to dismiss. We disagree with appellant.
 {¶ 21} "Although the concept is flexible, at its core, procedural due process under both the Ohio and United States Constitutions requires, at a minimum, an opportunity to be heard when the state seeks to infringe a protected liberty or property right. Boddie v. Connecticut (1971), 401 U.S. 371, 377,91 S.Ct. 780, 28 L.Ed.2d 113. Further, the opportunity to be heard must occur at a meaningful time and in a meaningful manner.Mathews v. Eldridge (1976), 424 U.S. 319, 333, 96 S.Ct. 893,47 L.Ed.2d 18; Hochhausler, 76 Ohio St.3d at 459, 668 N.E.2d 457." State v. Cowan 103 Ohio St.3d 144, 2005-Ohio-715,814 N.E.2d 846, at ¶ 8. "`Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal which pronounces judgment upon a question of life, liberty or property, to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, such is not due process of law.'" Id. at ¶ 15, quoting Williams v. Dollison (1980),62 Ohio St.2d 297, 299, 405 N.E.2d 714.
 {¶ 22} Crim.R. 12(F) governs pretrial motions and permits the trial court to rule on the motion "upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." The rule does not require the court to hold an evidentiary or oral hearing.
 {¶ 23} Additionally, appellant's motion to dismiss contained nothing to suggest that an evidentiary hearing would aid the court in ruling upon the motion. It appears that the court could examine the written motion and decide the merits based solely upon the motion and the filings in the case. Thus, the trial court did not deprive appellant of his due process rights.
 {¶ 24} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.
 IV {¶ 25} In his fourth assignment of error, appellant contends that his conviction and sentence violate his "statutory rights" under C.P.Sup.R. 39(B)(2). He claims that this violation requires us to vacate his conviction and dismiss the charges. We disagree.
 {¶ 26} We have previously noted that "the Rules of Superintendence are internal housekeeping rules and do not give any rights to individual defendants." State v. Brummett,
Highland App. No. 03CA5, 2004-Ohio-431; see, also, State v.Hurst (Mar. 12, 1999), Gallia App. No. 98CA08, citing Esber v.Esber (1989), 63 Ohio App.3d 394, 579 N.E.2d 222. Moreover, we sufficiently addressed this issue in our discussion of appellant's first assignment of error. For those same reasons, appellant's fourth assignment of error is without merit.
 {¶ 27} Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J.: Concurs in Judgment Only Kline, J.: Concurs in Judgment Opinion.
[1] The record does not reveal the offense involved in the other criminal case.